Electronically Filed
2/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. <u>C-0802-16-F</u>

| | | |
|---|---|---|
| **FLOR VILLARREAL** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS,** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S** | § | |
| | § | |
| **Defendant.** | § | **_____ TH JUDICIAL DISTRICT** |
| | § | |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Flor Villarreal, ("Plaintiff"), and files this *Plaintiff's Original Petition and Request for Disclosure*, complaining of Allstate Texas Lloyd's ("Allstate") or ("Defendant"), and respectfully shows this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure and requests the Court enter a Level 2 Discovery Plan.

### PARTIES

2. Plaintiff Flor Villarreal is an individual residing in Hidalgo County, Texas.

3. Defendant Allstate is a domestic insurance company engaged in the business of insurance in Texas, with its principal office located in Northbrook, Illinois. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant. Allstate may be served via its registered agent for service, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Electronically Filed
2/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-0802-16-F

## JURISDICTION

4.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.   Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.   Plaintiff reserves the right to amend her petition during and/or after the discovery process.

5.     The Court has jurisdiction over Defendant Allstate because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6.     Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas.   TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.     Plaintiff is the owner of a Texas Homeowner's Insurance Policy 000-929-085-169 (hereinafter referred to as "the Policy"), which was issued by Allstate.

8.     Plaintiff owns the insured property, which is specifically located at 213 Resplandor, Mission, Texas 78572 in Hidalgo County (hereinafter referred to as "the Property").

9.     Allstate sold the Policy insuring the Property to Plaintiff.

10.    On or about March 26, 2015 a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm").   Specifically, Plaintiff's composition shingle roof and roofing components sustained extensive damage during the Storm, including but not limited to, damage to the composition shingle roofing, ridge and hip cap, valley metal, continuous

Electronically Filed
2/8/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

ridge vent, flashing, four (4) pipe jacks, five (5) roof vents, split boot, furnace vent, and drip edge.  Plaintiff's home also sustained exterior damage during the Storm, including but not limited to damage to the trim board, fascia, a wood shed, and an air conditioning unit. Additionally, water intrusion through the roof caused interior damage to the bathroom, hallway, and laundry room which will all require content manipulation, removal and replacement of insulation and drywall, repair to the acoustic ceiling, application of anti-microbial agent, and painting the walls and ceilings. Plaintiff filed a claim, in accordance with the terms of the Policy, with her insurance company, Allstate, for the damages to her home caused by the Storm.

11.    Plaintiff submitted a claim to Allstate against the Policy as referenced in paragraph 7 above, for Roof Damage, Exterior Damage, and Interior Damage the Property sustained as a result of the hail storm and/or windstorm.

12.    Plaintiff asked that Allstate cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the exterior and interior damages to the Property, pursuant to the Policy.

13.    Defendant Allstate assigned James Stabler ("Stabler") to adjust the claim.  Mr. Stabler was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim.   Specifically, Stabler conducted a substandard inspection of Plaintiff's property.  The inadequacy of Stabler's inspection is evidenced by his report, which failed to include any of Plaintiff's damages. Ultimately, Mr. Stabler's estimate did not allow for any funds to cover the cost of repairs for any of the damages sustained. Mr. Stabler's

Electronically Filed
2/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0802-16-F**

inadequate investigation was relied upon by Allstate in this action and resulted in Plaintiff's claim being improperly denied.

14.    Defendant Allstate failed to adequately train and supervise Stabler resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Allstate failed to thoroughly review and properly oversee the work of Mr. Stabler, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Mr. Stabler's wrongful acts and omissions set forth above and further described herein, Plaintiff's claim was improperly denied causing her to suffer damages.

15.    Together, Defendant Allstate and Mr. Stabler set about to deny and/or underpay on properly covered damages. Allstate and Mr. Stabler misrepresented to Plaintiff that Mr. Stabler's estimate included all of Plaintiff's properly covered hail storm and/or windstorm damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy when, in fact, the estimate failed to include any of Plaintiff's properly covered storm damages and failed to allow for any amounts to cover the cost of repairs to Plaintiff's Property. Defendant Allstate and Mr. Stabler failed to provide any coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying payment on Plaintiff's claim. As a result of Defendant Allstate and Mr. Stabler's unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff has not been paid for the damages incurred and has suffered damages as a result. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair her Property, which has resulted in additional damages.

**C-0802-16-F**

Electronically Filed
2/8/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

To this date, Plaintiff has yet to receive sufficient payment that she is entitled to under the Policy.

16.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Allstate continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the proceeds due under the Policy, although due demand was made for said proceeds to be paid in an amount sufficient to cover the damaged property. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Allstate misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendant Allstate and Mr. Stabler failed to make an attempt to settle Plaintiff's claim in a fair manner, although they was aware of their liability to Plaintiff under the Policy. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Allstate and Mr. Stabler failed to explain to Plaintiff the reasons for their denial of Plaintiff's claim. Specifically, Allstate and Mr. Stabler failed to offer Plaintiff any compensation, without any explanation why full payment was not being made.

Electronically Filed
4/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Furthermore, Allstate and Mr. Stabler did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The conduct of Defendant Allstate is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.    Defendant Allstate and Mr. Stabler failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Allstate or Mr. Stabler. The conduct of Allstate constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

23.    Defendant Allstate and Mr. Stabler refused to compensate Plaintiff, under the terms of the Policy, even though Allstate failed to conduct a reasonable investigation.   Specifically, Allstate performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.   The conduct of Allstate constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

24.    Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.   Allstate's conduct

Electronically Filed
2/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received payment for her claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, Allstate has refused to pay Plaintiff, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendant Allstate and Mr. Stabler knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendant Allstate's and Mr. Stabler's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

**C-0802-16-F**

Electronically Filed
2/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ALLSTATE

30.   Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

31.   Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

32.   Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33.   Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.   Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

Electronically Filed
2/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

35.    Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.    Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to settle the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.    Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.    Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39.    Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

Electronically Filed
4/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0802-16-F**

40. Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

41. Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

42. Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

43. As referenced and described above, and further conduct throughout this litigation and lawsuit show, Mr. Stabler, who adjusted Plaintiff's claim,  is an agent of Allstate based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

44. Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of Mr. Stabler including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Electronically Filed
4/1/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0802-16-F**

46.     "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987).  This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholder's) and Allstate's (the insurer) unequal bargaining power.  Part of this unequal bargaining power results from the fact that Allstate, like other insurers, controls entirely the evaluation, processing and denial of claims.

47.     At the time of the inspection and/or investigation, upon which Allstate relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Stabler tried to wrongfully deny Plaintiff's losses.  By not accounting for the covered damages, Defendant Allstate and Mr. Stabler did not inspect and evaluate Plaintiff's home as if it were their own home. Defendant Allstate's investigation and evaluation was not reasonable, thus, Allstate lacked a reasonable basis for denying payment for Plaintiff's covered damages.  Allstate's overall conduct in handling Plaintiff's claim was not reasonable.

48.     Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

49.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

Electronically Filed
4/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0802-16-F**

## DAMAGES

50.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

51.    As previously mentioned, the damages caused by the March 26, 2015 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendant Allstate's mishandling of Plaintiff's claim in violation of the laws set forth above.

52.    For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

53.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages.   TEX. INS. CODE §541.152.

54.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.   TEX. INS. CODE §542.060.

55.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

Electronically Filed
4/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

56.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

57.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendant Allstate disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.


Respectfully submitted,


**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**


**By:** _____*/s/ Rania Mohsen*_____
             Rania Mohsen
             State Bar of Texas Number: 24098121
             1110 Nasa Parkway, Suite 620

Electronically Filed
4/18/2016 3:36:33 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281)402-3534
rania@simplyjustice.com
***ATTORNEY FOR PLAINTIFF***
***FLOR VILLARREAL***

C-0802-16-F

# EXHIBIT NO. 1

C-0802-16-F

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | _____ TH JUDICIAL DISTRICT COURT |

## STANDING PRETRIAL ORDER CONCERNING
## HIDALGO COUNTY RESIDENTIAL HAIL CLAIMS

It is hereby ORDERED that the 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been appointed as the Consolidated Pretrial Courts over Hidalgo Hail Litigation filed in District Court in Hidalgo County, Texas. The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.   This Order shall be affective and apply to all lawsuits filed in the District Court of Hidalgo County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to residential property caused by the 2012 Hail Storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B.   Immediately upon the filing of this Order, the District Clerk shall post this Order on the Hidalgo County District Courts' website. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C.   Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D.   Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery

deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E.      Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the respective Hail claim(s); and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the Hail claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F.      Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall

**C-0802-16-F**

prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

G.     Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H.     The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I.      Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J.      The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this 20th day of February_____, 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rosa Guerra Reyna

_____
275th District Court, Judge Juan Partida

_____
332nd District Court, Judge Mario E. Ramirez, Jr.

_____
370th District Court, Judge Noe Gonzalez

_____
389th District Court, Judge Letty Lopez

_____
430th District Court, Judge Israel Ramón, Jr.

*(signatures continued on next page)*

398th District Court, Judge Aida Salinas Flores

92nd District Court, Judge Ricardo Rodriguez, Jr.

# EXHIBIT NO. 2

C-0802-16-F

| IN RE: | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ___ TH JUDICIAL DISTRICT COURT |

## ORDER ASSIGNING CASES FOR PRETRIAL MATTERS CONCERNING HIDALGO COUNTY RESIDENTIAL AND COMMERCIAL HAIL CLAIMS

The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential and commercial property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.   The most efficient and consistent manner for allocating the various matters among the three pretrial courts is to divide and assign the cases based on the named insurance carrier defendant.  Accordingly, each of the pretrial courts is hereby assigned to handle pretrial matters in the subject Hidalgo County residential and commercial hail claims, as follows:

The 93rd Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:
1. State Farm entities
2. Homeowners of America
3. National Lloyds
4. Fred Loya Insurance
5. Standard Guaranty
6. Geovera
7. Southern Vanguard
8. Balboa
9. Republic Group
10. USAA
    ***ALL OTHER INSURANCE CARRIERS NOT ASSIGNED UNDER THIS ORDER ARE ASSIGNED TO THE 93RD JUDICIAL DISTRICT COURT FOR PRETRIAL MATTERS.***

The 206th Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:
1. Farmers Insurance entities
2. Foremost Insurance entities
3. Hocheim Prairie
4. Certain Underwriters
5. Meritplan
6. Underwriters at Lloyds
7. Scottsdale Insurance Co.
8. American Hallmark

9.  Lloyds of London
10. Texas FAIR Plan Association
11. Standard Guaranty
12. Priority One
13. Progressive Insurance Co.
14. Lexington
15. Nationwide

The 370th Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

1.  Allstate entities
2.  Wellington
3.  America First
4.  Cypress Texas Lloyds
5.  American Risk
6.  Germania
7.  Pronto Insurance Co.
8.  ASI Lloyds
9.  Hartford
10. Companion
11. Frontier
12. Safeco
13. Travelers
14. Liberty Mutual
15. Universal
16. Ranchers & Farmers

It is further ORDERED that the parties are urged to attempt to agree on discovery matters, including written discovery disputes and the number and scope of depositions. However, if the parties are unable to reach a consensus regarding global or institutional discovery disputes, the presiding administrative judge for Hidalgo County District Courts will work in conjunction with the pre-trial judges to establish uniform parameters for discovery in all cases controlled by this pretrial order.

Signed this 28th day of February, 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rosa Guerra Reyna          *(signatures continued on next page)*

**C-0802-16-F**

275th District Court, Judge Juan Partida

332nd District Court, Judge Marlo E. Ramirez, Jr.

370th District Court, Judge Noe Gonzalez

389th District Court, Judge Letty Lopez

430th District Court, Judge Israel Ramon, Jr.

398th District Court, Judge Aida Salinas Flores

92nd District Court, Judge Ricardo Rodriguez, Jr.